# IN THE COURT OF APPEALS OF IOWA

No. 19-0220
Filed June 3, 2020

JAMES M. WINTERS, CAROL A. WINTERS, RICHARD SCHROEDER and DEB SCHROEDER,
    Plaintiffs-Appellees,

vs.

A.J. CHRISTEN and AUNE CHRISTEN, and their heirs, devisees, grantees, assignments, successors in interest and any unknown claimants of the following described real estate situated in Allamakee County,
    Defendants,

DUANE A. TANK and SHEILA M. TANK,
    Intervenors-Appellants.
_____

Appeal from the Iowa District Court for Allamakee County, Margaret L. Lingreen, Judge.

Nearby property owners appeal a ruling quieting title of neighbors' property.

**AFFIRMED.**

Roger L. Sutton of Sutton Law Office, Charles City, for appellants.

James Burns of Miller, Pearson, Gloe, Burns, Beatty & Parrrish, P.L.C., Decorah, for appellees.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

"James Winters, Carol Winters, Ted Waitman and Deborah Waitman instituted this quiet title action, seeking to establish their ownership over the land situated between their properties and that of the high water mark of the Mississippi River." *Winters v. Christen*, No. 16-0970, 2017 WL 1403629, at *1 (Iowa Ct. App. Apr. 19, 2017). Duane Tank and Sheila Tank, as intervenors, filed an answer to the petition, contesting their asserted ownership. *Id.* The district court granted the Winterses' motion for partial summary judgment and quieted title in the Winterses and the Waitmans. *Id.* The Tanks appealed, and we affirmed the partial summary judgment as to the Winterses but reversed and remanded as to the Waitmans because the Waitmans had not filed a motion for summary judgment nor joined in the motion filed by the Wintereses. *Id.* at *1, *5–6

After remand, Richard Schroeder and Deb Schroeder were substituted for the Waitmans after the Schroeders became successors in interest. The Schroeders moved for summary judgment, and the Tanks moved to dismiss for lack of jurisdiction. The district court granted the Schroederses' motion and denied the Tanks' motion. The Tanks appeal.

"We review rulings on motions for summary judgment for correction of errors at law." *Blue Grass Sav. Bank v. Cmty. Bank & Tr. Co.*, 941 N.W.2d 20, 23 (Iowa 2020) (citation omitted). Summary judgment is appropriate only when the moving party shows there are no genuine issues of material fact, and in deciding that issue, we review the record in the light most favorable to the party opposing the motion. *Susie v. Family Health Care of Siouxland, P.L.C.*, ___ N.W.2d ___, ___, 2020 WL 1173564, at *2 (Iowa 2020).

In our earlier decision in this case, we set forth the background facts in some detail and need not repeat all of them here. *See generally Winters*, 2017 WL 1403629, at *1–2. Following the first appeal, the Schroeders purchased a tract of real property west of the Mississippi River from the Waitmans. The Schroeders were then substituted as plaintiffs in place of the Waitmans. On the eastern side of their property is a county road and a railroad bed. The dispute is focused on the land directly east of the property for which the Schroeders have title, to the location of the high water mark on the west bank of the Mississippi River, but excluding the county road and railroad property.

After we reversed and remanded this case as to the Waitmans, the Tanks challenged the district court's jurisdiction. In this appeal, the Tanks complain the district court did not have jurisdiction of the case because of defects in the procedures underlying the published notice at the commencement of the case, and the district court erred by not dismissing the case.[1] The Tanks intervened in this case and filed an answer in 2013. The case proceeded to a summary judgment ruling in favor of the Winterses and the Waitmans in 2016, which we affirmed in 2017 as to the Winterses but reversed and remanded as to the Waitmans. It was only after our remand that the Tanks challenged jurisdiction.

Before commencing service by publication on a defendant, a plaintiff is required to file an affidavit that personal service cannot be had on the defendant. *See* Iowa R. Civ. P. 1.310. The Tanks claim the district court did not have jurisdiction to hear the case. An Iowa district court clearly has subject matter

---

[1] The Tanks also attempt to conflate the alleged defects to the level of fraud. There is no evidence of fraud.

jurisdiction to hear quiet-title cases. *See generally* Iowa Code ch. 694. The Tanks' real challenge is to personal jurisdiction. "Filing the affidavit is a condition precedent to the validity of published notice. The affidavit must be filed before the notice is published. A judgment rendered *on published notice without an appearance by defendant* when the affidavit has not been so filed is void." *Swift v. Swift*, 29 N.W.2d 535, 538 (Iowa 1947) (emphasis added). If the proper procedure is not followed, the published notice is insufficient to confer personal jurisdiction on the *defendant. See id.*

But the Tanks are not the defendants. They intervened in the proceeding. As such, we agree with the district court the Tanks submitted to personal jurisdiction of the court and waived any defect as to jurisdiction over them when they intervened and appeared in the case. *See Sioux Pharm, Inc. v. Summit Nutritionals Int'l, Inc.*, 859 N.W.2d 182, 190 (Iowa 2015) ("A party could submit to the jurisdiction of the court by appearance."). And, while subject matter jurisdiction may be raised at any time, any challenge to personal jurisdiction is waived if not made in a pre-answer motion. *See* Iowa R. Civ. P. 1.421(1)(b), (4). We need not decide whether the published notice was defective or whether there were irregularities in the procedures leading to publishing notice because the Tanks submitted to jurisdiction seven years ago. And, they have no standing to challenge jurisdiction as to any other potential claimant.

In this appeal, the Tanks also argue the district court erred by refusing to consider their claim of extrinsic fraud and erred in a determination relating to the proper identification or ownership interests of the railroad and the county. The Schroeders have made no claim against the interests of the railroad and the

county, and the district court made no ruling against such interests. The Tanks' claims in this regard have no bearing on whether title should be quieted as to the Schroeders.

In one of their brief points, the Tanks claim a quit claim deed was an insufficient indicia of ownership in the chain of title. That issue statement is not an accurate identification of the argument that follows in their brief, which was another allegation of fraud in the failure of plaintiffs to adequately research the prior title status of land owned by the county. We find that claim to have no merit as it relates to the dispute between the Schroeders and the Tanks.

Based on the various claims set forth above, the Tanks argue our decision in the first appeal should have no preclusive effect because they have raised new claims that were not raised in the prior appeal or in the proceedings leading to the first appeal. On all such claims, we conclude the district court's order granting summary judgment in favor of the Schroederses and its order resolving the Tanks' motion for reconsideration identified and considered all the issues presented in this appeal, and we approve the reasons and conclusions in the orders entered by the district court, including its reliance on our earlier decision in this case. A full opinion would not augment or clarify existing case law. We affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**